IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JULIUS KEITH KNOTT,
Inmate No. 89518,
    Plaintiff,

vs.                                            Case No.: 3:17cv94/MCR/EMT

JUDGE J. SCOTT DUNCAN, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this case should be dismissed because Plaintiff has not stated, and cannot state, a plausible § 1983 claim against any Defendant.

I.    BACKGROUND

Plaintiff, a pre-trial detainee of the Escambia County Jail, is awaiting trial in a criminal case pending in the Circuit Court in and for Escambia County, Florida, Case

No. 2016 CF 002340 A (ECF No. 1 at 4).[1] He names as Defendants Judge Judge J. Scott Duncan, the state court judge presiding over the criminal proceedings; Kelsey Stone, the assistant state attorney ("ASA") prosecuting him in this matter; and Kimberly Reese, Plaintiff's current or former court-appointed counsel (*id.* at 1–2).

Plaintiff alleges that Defendant ASA Stone took a deposition (that he does not identify) in his pending case without ensuring Plaintiff's presence at the deposition. He further alleges that Defendant Reese allowed the deposition to take place without objection, and thereby did not represent him to the best of her ability. Finally, he alleges Defendant Judge Duncan erred by denying his motion to have the deposition suppressed due to the above violation as well as other discovery and deposition violations (*id.* at 6). Because he was not allowed to confront witnesses against him, he thereby claims violations of the confrontation clause of the Sixth Amendment, and

---

[1] The Court verified the pendency of Plaintiff's criminal action by taking judicial notice of the internet website maintained by the Escambia County Clerk of Circuit Court. *See* http://www.escambiaclerk.com/xml/xmlBM.asp?ucase_id=2215906 (accessed on March 3, 2017). The court may take such notice of information available on the databases maintained by the clerks of court for the Florida state courts. *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

as relief he seeks dismissal of charges against him or to "start over with new judge and state attorney" (*id.* at 8).

## II. DISCUSSION

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal

"as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

It is apparent from the face of Plaintiff's complaint that the Younger abstention doctrine bars this court from considering Plaintiff's claims. The Supreme Court held in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See* Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54). Plaintiff's conclusory allegations do not establish, or support an inference, that his prosecution is motivated by bad faith. *See* Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."); *see also* Trainor v. Hernandez, 431 U.S. 434, 446–47, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977) (noting that Younger principles counsel against federal court intervention in pending state

criminal and civil enforcement proceedings and finding no extraordinary circumstances to justify such intervention in the absence of any suggestion that the pending state enforcement action was brought in bad faith or for the purpose of harassing appellees).

Plaintiff further fails to show that the "irreparable injury" exception applies. *See* Younger, 401 U.S. at 53–54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (citing Watson v. Buck, 313 U.S. 387, 402, 61 S. Ct. 962, 85 L. Ed. 1416 (1941)); Kugler v. Helfant, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing Younger, 401 U.S. at 46).

Moreover, Plaintiff has an adequate state forum in which to raise his claims. He has the avenue of a direct appeal in the state court system to present his Fourteenth Amendment claims regarding alleged errors of the trial court and the prosecutor, and he has a state post-conviction forum for presenting his Sixth Amendment claims concerning the constitutionality of defense counsel's representation.

It is apparent from the face of Plaintiff's complaint that the Younger abstention doctrine bars this court from interfering in Plaintiff's state criminal proceedings, and that this case should be dismissed. Stated otherwise, and unequivocally, the federal district court is not, given the basic tenets of federalism, available to supervise the state prosecution to which Plaintiff finds himself subject.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Plaintiff's claims are frivolous and do not—and cannot—state a claim on which relief may be granted, so amendment would clearly be futile. Therefore, the court should dismiss this case without allowing or encouraging amendment.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.     That this cause be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 6th day of March 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**